**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Meier's Wine Cellars Acquisition, LLC

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names  
   _____

3. **Debtor's federal Employer Identification Number (EIN)**  
   8 7 - 4 3 0 5 5 5 7

4. **Debtor's address**

   **Principal place of business**  
   205    Concourse Blvd.  
   Number    Street  
   _____  
   Santa Rosa    CA    95403  
   City    State    ZIP Code

   Sonoma  
   County

   **Mailing address, if different from principal place of business**  
   _____  
   Number    Street  
   _____  
   P.O. Box  
   _____  
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**  
   _____  
   Number    Street  
   _____  
   City    State    ZIP Code

5. **Debtor's website (URL)**    www.vintagewineestates.com

Debtor  Meier's Wine Cellars Acquisition, LLC          Case number *(if known)*_____
      Name

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❑ Partnership (excluding LLP)<br>❑ Other. Specify: _____ |
| **7.** | **Describe debtor's business** | A. *Check one:*<br>❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❑ Railroad (as defined in 11 U.S.C. § 101(44))<br>❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply:*<br>❑ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>  5   5   1   1 |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>❑ Chapter 7<br>❑ Chapter 9<br>■ Chapter 11. *Check **all** that apply*:<br>    ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>    ❑ A plan is being filed with this petition.<br>    ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>❑ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ■ No<br>❑ Yes.   District _____ When _____ Case number _____<br>                                          MM / DD / YYYY<br>            District _____ When _____ Case number _____<br>                                          MM / DD / YYYY |

Debtor  **Meier's Wine Cellars Acquisition, LLC**    Case number (*if known*)_____
　　　　Name

| | | |
|---|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No ■ Yes. | Debtor  See attached Schedule 1　　Relationship _____ District _____　　When _____ 　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY Case number, if known _____ |
| **11.** **Why is the case filed in *this district*?** | *Check all that apply:* ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. | |
| **12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. **Why does the property need immediate attention?** (*Check all that apply.*) ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. 　What is the hazard? _____ ☐ It needs to be physically secured or protected from the weather. ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). ☐ Other _____ **Where is the property?** _____ 　　　　　　　　　　Number　Street _____ _____　　_____ 　City　　　　　　　　　　　　　　　　　　　　　　　State ZIP Code **Is the property insured?** ☐ No ☐ Yes. Insurance agency _____ 　　　　Contact name _____ 　　　　Phone _____ | |

**Statistical and administrative information**

| | | |
|---|---|---|
| **13.** **Debtor's estimation of available funds** | *Check one:* ■ Funds will be available for distribution to unsecured creditors. ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14.** **Estimated number of creditors** **(on a consolidated basis with all affiliated debtors)** | ☐ 1-49 ☐ 50-99 ☐ 100-199 ■ 200-999 | ☐ 1,000-5,000 ☐ 5,001-10,000 ☐ 10,001-25,000 | ☐ 25,001-50,000 ☐ 50,001-100,000 ☐ More than 100,000 |

Official Form 201　　Voluntary Petition for Non-Individuals Filing for Bankruptcy　　page **3**

Debtor  Meier's Wine Cellars Acquisition, LLC                    Case number *(if known)*_____
        Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07 / 24 / 2024
             MM / DD / YYYY

✗ /s/ Kristina Johnston                              Kristina Johnston
Signature of authorized representative of debtor     Printed name

Title  Secretary and Treasurer

**18. Signature of attorney**

✗ /s/ Zachary I. Shapiro                             Date  07 / 24 / 2024
Signature of attorney for debtor                           MM / DD / YYYY

Zachary I. Shapiro
Printed name

Richards, Layton & Finger, P.A.
Firm name

920           North King Street
Number        Street

Wilmington                                      DE            19801
City                                            State         ZIP Code

(302) 651-7819                                  shapiro@rlf.com
Contact phone                                   Email address

005103                                          DE
Bar number                                      State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

## SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. Each Debtor is listed with the last four digits of its federal tax identification number. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Meier's Wine Cellars Acquisition, LLC.

Meier's Wine Cellars Acquisition, LLC (5557)
California Cider Co., Inc. (0443)
Girard Winery LLC (5076)
Grove Acquisition, LLC (9465)
Meier's Wine Cellars, Inc. (2300)
Mildara Blass Inc. (1491)
Sabotage Wine Company, LLC (8393)
Thames America Trading Company Ltd. (0696)
Vinesse, LLC (3139)
Vintage Wine Estates, Inc. (NV) (5902)
Vintage Wine Estates, Inc. (CA) (2279)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Meier's Wine Cellars Acquisition, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-_____(___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS
<u>HOLDING THE 30 LARGEST UNSECURED CLAIMS</u>**

  Vintage Wine Estates, Inc. (NV) and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), in the above-captioned cases each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  Contemporaneously with the filing of their petitions, the Debtors are hereby filing a consolidated list of the 30 largest unsecured creditors of the Debtors (the "<u>Creditors List</u>") in lieu of a separate list for each Debtor, consistent with Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

  The Creditors List is based on the Debtors' unaudited books and records as of the petition date and was prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(d) for filing in the chapter 11 case.  The Creditor List does not include:  (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of a secured creditor's collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.  The information contained herein constitutes neither an admission by the Debtors, nor does it constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim at a later date.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Meier's Wine Cellars Acquisition, LLC | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders         12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WITHERS ROAD NAPA CA, LP GLADSTONE LAND CORPORATION 1521 WESTBRANCH DRIVE, STE 100 MCLEAN, VA  22102 | CONTACT: MATT JANDREAU PHONE: 703-287-5893 COMMERCIAL@GLADSTONECOMPANIES.COM | LANDLORD | | | | $1,343,761.97 |
| 2 | SHANNON RANCHES, INC. 12601 E. HIGHWAY 20 CLEARLAKE OAKS, CA  95423 | PHONE: 916-775-2203 NATALIE@SHANNONRANCHES.COM | TRADE DEBT | | | | $1,065,136.13 |
| 3 | FEDERAL EXPRESS CORP. 3965 AIRWAYS BLVD MODULE G 3RD FL MEMPHIS, TN  38116-50107 | CONTACT: KYLON FREEMAN PHONE: 901-252-6173 BANKRUPTCY@FEDEX.COM | TRADE DEBT | | | | $1,028,510.66 |
| 4 | FERMENTED VISION 8958 E HIGHWAY 12 UNIT 776 VICTOR, CA  95253-2016 | CONTACT: ADAM METTLER PHONE: 209-400-7994 | TRADE DEBT | | | | $999,813.02 |
| 5 | MULTI-COLOR CORPORATION C/O WS PACKAGING GROUP INC 4053 CLOUGH WOODS DR BATAVIA, OH  45103 | CONTACT: KRISTI P. NELSON, GENERAL COUNSEL KRISTI.NELSON@MCCLABEL.COM | TRADE DEBT | | | | $823,798.19 |
| 6 | DISTILLED SPIRITS EPICENTER 801 SOUTH 8TH ST LOUISVILLE, KY  40203 | CONTACT: CINDY ALLEN CINDYA@FLAVORMAN.COM | TRADE DEBT | | | | $719,095.60 |
| 7 | ARDAGH GLASS INC. 10194 CROSSPOINT BLVD., SUITE 410 INDIANAPOLIS, IN  46256 | CONTACT: TRACY PEMBERTON PHONE: 707-200-9344 TRACY.PEMBERTON@ARDAGHGROUP.COM | TRADE DEBT | | | | $620,630.37 |

**Debtor:** Meier's Wine Cellars Acquisition, LLC            Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | OPPENHEIMER & CO. INC. 85 BROAD ST 4TH FL NEW YORK, NY 10004 | CONTACT: ALBERT G LOWENTHAL PHONE: 212-668-8000 INFO@OPCO.COM; | TRADE DEBT | | | | $600,000.00 |
| 9 | VINTNERS 1904, INC. 10815 MINNESOTA AVE PENNGROVE, CA 94951 | CONTACT: ROBBY HARRIS PPETERSON2222@HOTMAIL.COM | TRADE DEBT | | | | $551,854.50 |
| 10 | SAXCO INTERNATIONAL LLC 1855 GATEWAY BLVD SUITE 400 CONCORD, CA 94520 | PHONE: 877-641-4003 CASHAPP@SAXCO.COM | TRADE DEBT | | | | $486,914.38 |
| 11 | MHV, LLC 5537 SOLANO AVE NAPA, CA 94558 | CONTACT: ANTONIO SERRANO ANTONIO@BETTINELLIVINEYARDS.COM | TRADE DEBT | | | | $385,983.58 |
| 12 | MICROSTAR KEG MANAGEMENT LLC 6400 S FIDDLERS GREEN CIR ENGLEWOOD, CO 80111 | CONTACT: TRACEY LA PIERRE ACCOUNTSRECEIVABLE@MICROSTARKEGS.COM | TRADE DEBT | | | | $357,500.89 |
| 13 | ALTERNATIVE RISK UNDERWRITING, LLC 1834 WALDEN OFFICE SQUARE SUITE 550 SCHAUMBURG, IL 60173 | CONTACT: MELISSA BACKES PHONE: 847-577-4186 WACHTLER@ARU111.COM | TRADE DEBT | | | | $282,200.00 |
| 14 | CHERRY BEKAERT LLP 3800 GLENWOOD AVENUE SUITE 200 RALEIGH, NC 27612 | CONTACT: MARK COOTER PHONE: 919-782-1040 FAX: 919-783-00976 MCOOTER@CBH.COM | PROFESSIONAL SERVICES | | | | $277,167.43 |
| 15 | BODEGA & VINEDOS RIO DULCE S.A. DORREGO 4901 COQUIMBITO, MAIPU MENDOZA ARGENTINA | CONTACT: FEDERICO FERNANDEZ FAX: +54 9261 4155977 FEDERICO@DOMICIANO.COM.AR | TRADE DEBT | | | | $267,680.00 |
| 16 | NORTH ANDRE JUICE 39 ENCHANTED IRVINE, CA 92620 | PHONE: 949-888-8692 FAX: 714-386 5353 SALES@NORTHANDRE.COM; ANDREHK@NORTHANDRE.COM | TRADE DEBT | | | | $259,818.00 |
| 17 | PRICEWATERHOUSECOOPERS LLP PWC US TAX LLP 300 MADISON AVE NEW YORK, NY 10017 | CONTACT: ROBERT MORITZ PHONE: 646-471-3000 FAX: 813-286-6000 ROBERT.MORITZ@US.PWC.COM | TRADE DEBT | | | | $230,800.00 |
| 18 | DIRT FARMER AND COMPANY 9725 LOS GUILICOS AVE KENWOOD, CA 95452-0638 | CONTACT: STACY KUNDE PHONE: 707-833-2054 STACY@DIRTFARMERANDCO.COM | TRADE DEBT | | | | $224,360.31 |
| 19 | SONOMA BRANDS PARTNERS II, LLC 117 W. NAPA STREET, STE. C SONOMA, CA 95476 | CONTACT: SHAHIR AMIN PHONE: 707-656-2015 HELLO@SONOMABRANDS.COM | TRADE DEBT | | | | $213,415.91 |

Debtor: Meier's Wine Cellars Acquisition, LLC        Case Number (if known):

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 20 | MONVERA GLASS DECOR<br>1414 HARBOUR WAY SOUTH STE 1400<br>RICHMOND, CA 94804 | CONTACT: NARGUESS FARAHI<br>PHONE: 877-792-1150<br>FAX: (707) 271-6455<br>INFO@MONVERA.COM;<br>NARGUESS@MONVERA.COM | TRADE DEBT | | | | $205,630.61 |
| 21 | FRUITSMART, INC.<br>506 6TH ST<br>PO BOX 177<br>PROSSER, WA 99350 | CONTACT: SARA BAUDRAU, DIRECTOR OF FINANCE<br>PHONE: 509-882-9956<br>INFO@FRUITSMART.COM | TRADE DEBT | | | | $199,761.00 |
| 22 | BARTOW ETHANOL OF FLORIDA LC<br>1705 E MANN RD<br>BARTOW, FL 33830 | CONTACT: MATT DUNBAR, JESSICA BALLARD<br>PHONE: 863-533-2498<br>MDUNBAR@BARTOWETHANOL.COM | TRADE DEBT | | | | $196,172.97 |
| 23 | G3 ENTERPRISES INC<br>5174 SONOMA MOUNTAIN ROAD<br>SANTA ROSA, CA 95404 | CONTACT: ETHAN JONES<br>PHONE: 805-674-7145<br>ETHAN.JONES@G3ENTERPRISES.COM | TRADE DEBT | | | | $193,022.79 |
| 24 | SC WAREHOUSES, LLC<br>360A INDUSTRIAL CT<br>BENICIA, CA 94510 | HEIDI@EAGLE-REDWOOD.COM | TRADE DEBT | | | | $187,865.96 |
| 25 | GUALA CLOSURES NORTH AMERICA INC<br>2300 S WATNEY WAY SUITE A<br>FAIRFIELD, CA 94533 | NEY@GUALACLOSURESNA.COM | TRADE DEBT | | | | $185,954.00 |
| 26 | CHEROKEE FREIGHT LINES<br>3655 CHEROKEE RD<br>STOCKTON, CA 95205 | PHONE: 209-931-3570<br>FAX: (209) 931-1207<br>SHEREE@GOCFL.COM | TRADE DEBT | | | | $179,005.46 |
| 27 | RAMONDIN CAPSULAS<br>541 TECHNOLOGY WAY<br>NAPA, CA 94558-7589 | CONTACT: DIANA MCVEY<br>AR.USA@CREALISGROUP.COM | TRADE DEBT | | | | $175,386.89 |
| 28 | EMBARK INTERMEDIATE HOLDINGS, LLC<br>333 1ST AVE<br>DALLAS, TX 75226 | PHONE: 214-225-0148<br>HELLO@EMBARKWITHUS.COM | TRADE DEBT | | | | $174,671.45 |
| 29 | GALLO GLASS COMPANY<br>605 S SANTA CRUZ AVE<br>MODESTO, CA 95354 | PHONE: 209-341-4527<br>DSHAFFER@GALLOGLASS.COM | TRADE DEBT | | | | $170,536.65 |
| 30 | COASTAL VINEYARD CARE ASSOCIATES<br>224 EAST HIGHWAY 246, SUITE A<br>BUELLTON, CA 93427 | CONTACT: JEFF NEWTON, CO-OWNER<br>PHONE: 805-693-4720<br>FAX: 805-688-1861<br>VINEYARD@COASTALVINEYARDCARE.COM | TRADE DEBT | | | | $170,477.04 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Meier's Wine Cellars Acquisition, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-_____(___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) AND 7007.1**

Pursuant to rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Meier's Wine Cellars Acquisition, LLC states as follows:

| Debtor | Name and Address of Equity Interest Holder | Percentage of Interests Held |
|---|---|---|
| Meier's Wine Cellars Acquisition, LLC | Vintage Wine Estates, Inc. (CA)<br>205 Concourse Blvd.<br>Santa Rosa, CA 95403 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name __Meier's Wine Cellars Acquisition, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __List of equity security holders and statement of corporate ownership__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/24/2024__          ✗ __/s/ Kristina Johnston__
MM / DD / YYYY                         Signature of individual signing on behalf of debtor

__Kristina Johnston__
Printed name

__Secretary and Treasurer__
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**WRITTEN CONSENT
OF THE MANAGERS
OF
MEIER'S WINE CELLARS ACQUISITION, LLC**

July 24 , 2024

The undersigned, being all of the managers (the "Managers") of Meier's Wine Cellars Acquisition, LLC, a Delaware limited liability company (the "Company"), hereby adopt, consent, approve and ratify the following resolutions by written consent:

Chapter 11 Filing

WHEREAS, the Managers have regularly and carefully reviewed the materials and other information presented by the Company's management and advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position, and other relevant information;

WHEREAS, the Managers have thoroughly evaluated the Company's strategic alternatives, including a possible restructuring;

WHEREAS, the Managers have conferred extensively with the Company's management and advisors regarding these matters, and determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of the Company, its subsidiaries and affiliates, and its stakeholders;

WHEREAS, the Managers have determined that the entry into a new debtor in possession financing facility or facilities, including use of cash collateral, is in the best interests of the Company, its subsidiaries and affiliates, and its stakeholders; and

WHEREAS, the Managers have determined that entry into a Potential Sale Transaction (as defined below) is in the best interests of the Company, its subsidiaries and affiliates, and its stakeholders.

NOW, THEREFORE, BE IT RESOLVED, that the Company shall be, and it hereby is, contemporaneously herewith, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware or such other court as the Managers of the Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER RESOLVED, that the Managers and the Secretary and Treasurer (collectively, the "Designated Officers") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of, and in the name of, the Company, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out

the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Company's chapter 11 case in such form or forms as any such Designated Officer may approve; and (d) cause any of the Company's majority-owned subsidiaries to take any action consistent with these resolutions, including the filing of petitions for relief under chapter 11, the retention of professionals and the incurrence of debt by such subsidiaries; and

FURTHER RESOLVED, that the actions of any Designated Officer taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval and the necessity or desirability thereof.

Debtor in Possession Facility

RESOLVED, that the Company, shall be, and it hereby is, authorized to: (a) enter into a new debtor in possession loan facility (the "DIP Facility") and any associated documents, and any and all amendments, modifications or supplements thereto, and consummate the transactions contemplated therein (collectively, the "DIP Facility Transactions"), with such lenders and on such terms substantially consistent with those presented to the Managers on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the DIP Facility Transactions; and

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, security agreements, pledges, guaranties, notices and any and all other documents as any of the Designated Officers may deem necessary or appropriate to facilitate the DIP Facility Transactions, and any and all amendments, modifications or supplements thereto (collectively, the "DIP Facility Documents"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Designated Officers are hereby approved; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval thereof and the necessity or desirability thereof.

Potential Sale Transaction

RESOLVED, that the Company shall be, and hereby is, and the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, to file a motion with the Bankruptcy Court (a) seeking

approval of bidding procedures to be used to facilitate a potential sale of all or substantially all of the Company's assets pursuant to section 363 of the Bankruptcy Code (each such potential transaction, a "Potential Sale Transaction") and (b) seeking approval of one or more stalking horse purchasers for each Potential Sale Transaction, on such terms as may subsequently be approved by the Designated Officers, as may be reasonably necessary or desirable.

Retention of Professionals and Claims and Noticing Agent

RESOLVED, that the Designated Officers shall be, and each of them hereby is, authorized and empowered to retain, on behalf of, and in the name of, the Company: (a) Jones Day; (b) Richards, Layton & Finger, P.A.; (c) GLC Advisors & Co., LLC, as investment banking firm; (d) Riveron Consulting, LLC, as financial advisor; and (e) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in any such Designated Officer's judgment may be necessary or desirable in connection with the Company's chapter 11 case and other related matters, on such terms as such officer or officers shall approve and such Designated Officer's retention thereof to constitute conclusive evidence of such Designated Officer's approval and the necessity and desirability thereof; and

FURTHER RESOLVED, that the law firm Jones Day and the law firm Richards, Layton & Finger, P.A. and any additional special counsel selected by the Designated Officers, if any, shall be, and hereby are, authorized and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code.

Additional Resolutions

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of them or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the Company to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by any Managers of the Company in connection with any of the foregoing matters in all respects are hereby ratified, confirmed and approved; and

FURTHER RESOLVED, that any Manager of the Company shall be, and each of them, acting alone, hereby is, authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Manager, a true copy of the foregoing resolutions.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned Managers have executed this Written Consent effective as of the date first written above.

_____
Patrick Roney

_____
Kristina Johnston

[Written Consent of the Managers of Meier's Wine Cellars Acquisition, LLC]

**IN WITNESS WHEREOF,** the undersigned Managers have executed this Written Consent effective as of the date first written above.

_____
Patrick Roney

_____
Kristina Johnston

[Written Consent of the Managers of Meier's Wine Cellars Acquisition, LLC]

NAI-1540214458v6