**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Meier's Wine Cellars Acquisition, LLC,<br><br>Debtor.<br><br>Tax Identification Number: 87-4305557 | Chapter 11<br><br>Case No. 24-11575 (___) |
| In re:<br><br>California Cider Co., Inc.,<br><br>Debtor.<br><br>Tax Identification Number: 68-0310443 | Chapter 11<br><br>Case No. 24-11581 (___) |
| In re:<br><br>Girard Winery LLC,<br><br>Debtor.<br><br>Tax Identification Number: 94-3385076 | Chapter 11<br><br>Case No. 24-11576 (___) |
| In re:<br><br>Grove Acquisition, LLC,<br><br>Debtor.<br><br>Tax Identification Number: 26-1639465 | Chapter 11<br><br>Case No. 24-11578 (___) |
| In re:<br><br>Meier's Wine Cellars, Inc.,<br><br>Debtor.<br><br>Tax Identification Number: 31-0372300 | Chapter 11<br><br>Case No. 24-11580 (___) |

| | |
|---|---|
| In re:<br><br>Mildara Blass Inc.,<br><br>            Debtor.<br><br>Tax Identification Number: 94-3261491 | Chapter 11<br><br>Case No. 24-11577 (___) |
| In re:<br><br>Sabotage Wine Company, LLC,<br><br>            Debtor.<br><br>Tax Identification Number: 32-0558393 | Chapter 11<br><br>Case No. 24-11579 (___) |
| In re:<br><br>Thames America Trading Company Ltd.,<br><br>            Debtor.<br><br>Tax Identification Number: 68-0280696 | Chapter 11<br><br>Case No. 24-11582 (___) |
| In re:<br><br>Vinesse, LLC,<br><br>            Debtor.<br><br>Tax Identification Number: 77-0463139 | Chapter 11<br><br>Case No. 24-11583 (___) |
| In re:<br><br>Vintage Wine Estates, Inc. (CA),<br><br>            Debtor.<br><br>Tax Identification Number: 20-8782279 | Chapter 11<br><br>Case No. 24-11584 (___) |

| | |
|---|---|
| In re:<br><br>Vintage Wine Estates, Inc. (NV),<br><br>                Debtor.<br><br>Tax Identification Number: 87-1005902 | Chapter 11<br><br>Case No. 24-11585 (___) |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the Local Rules"), hereby move (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"): (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only; and (ii) granting certain related relief. In support of this Motion, the Debtors respectfully represent as follows:

**Background**

1. On the Petition Date,[2] each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]     The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

[2]     Capitalized terms otherwise undefined herein shall have the meanings ascribed to them in the First Day Declaration (as defined below).

2. The Debtors comprise a leading vintner in the United States, producing, bottling and selling wines and hard ciders through wholesale, direct-to-consumer and business-to-business sales. The Debtors' current portfolio consists of more than 30 brands, including luxury and lifestyle wines, and the Debtors own and lease approximately 1,850 acres in premium wine-growing regions of the United States, operating 11 wineries that support nine tasting rooms. The Debtors employ more than 400 employees in 15 states.

3. Concurrently with the filing of this Motion, the Debtors have also filed the Bidding Procedures Motion, by which they plan to sell substantially all of their assets to one or multiple bidders through a multi-stage sale process.

4. Also concurrently with the filing of this Motion, the Debtors have filed the DIP Financing Motion, seeking approval of post-petition financing, the proceeds of which the Debtors will utilize to continue to operate as debtors in possession.

5. A comprehensive description of the Debtors' businesses and operations, capital structure, and the events leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Seth Kaufman, the President and Chief Executive Officer of Debtor Vintage Wine Estates, Inc., in Support of First Day Motions of Debtors and Debtors in Possession* (the "First Day Declaration"), which was filed contemporaneously herewith and which is incorporated by reference.

## Jurisdiction and Venue

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7. Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors hereby seek the entry of the Proposed Order, directing: (i) the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only; (ii) parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "Meier's Wine Cellars Acquisition, LLC, et al."; and (iii) that a notation be made on the docket in all the Chapter 11 Cases (other than the Chapter 11 Case of Debtor Meier's Wine Cellars Acquisition, LLC), maintained by the Clerk of the Court, substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Meier's Wine Cellars Acquisition, LLC, California Cider Co., Inc., Girard Winery LLC, Grove Acquisition, LLC, Meier's Wine Cellars, Inc., Mildara Blass Inc., Sabotage Wine Company, LLC, Thames America Trading Company Ltd., Vinesse, LLC, Vintage Wine Estates, Inc. (CA), Vintage Wine Estates, Inc. (NV). The docket of Meier's Wine Cellars Acquisition, LLC, Case No. 24-11575 (____), should be consulted for all matters affecting this case.

A proposed consolidated caption for all notices, applications, motions, and other pleadings (the "Proposed Caption") is annexed as Annex 1 to the Proposed Order. The Debtors also request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

**Argument**

8. An order of joint administration relates to the routine administration of related chapter 11 cases and may be entered by the Court in its discretion on an ex parte basis. See Del. Bankr. L.R. 1015-1. Bankruptcy Rule 1015(b) provides, in relevant part, "[i]f a joint petition or two or more petitions are pending in the same court by or against ... a debtor and an

affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

Local Rule 1015-1 states that:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration ... supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

9. The Debtors, consisting of a parent corporation and 10 direct and indirect domestic subsidiaries, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). See 11 U.S.C. § 101(2) (defining affiliate as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor"); see also First Day Declaration, Ex. A (corporate organization chart). Accordingly, joint administration of the Chapter 11 Cases is warranted under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

10. The joint administration of the Chapter 11 Cases will ease the administrative burden on the Court and all parties in interest. As described more fully in the First Day Declaration, the Debtors are part of an integrated business enterprise with common ownership and control and shared financial and business systems. As a result, many of the motions, hearings and orders that will arise during the course of the Chapter 11 Cases generally will implicate all Debtors. The joint administration of the Chapter 11 Cases will have several benefits, including: (i) permitting the Clerk of the Court to utilize a single general docket for the Chapter 11 Cases; (ii) avoiding the need for duplicative notices, motions and applications, thereby saving time and expense; (iii) significantly reducing the volume of pleadings that otherwise would be filed with the Clerk of the Court; and (iv) providing the Office of the United

States Trustee for the District of Delaware and all other parties in interest with a single point of reference for all matters relevant to the Chapter 11 Cases.

11. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Chapter 11 Cases for procedural purposes only. Indeed, creditors will benefit from the reduced costs that will result from the joint administration of these cases.

12. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor ... such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." The Proposed Caption includes all of the required information to the extent applicable and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

## Consent to Jurisdiction

13. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## Notice

14. Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the proposed DIP Agent and DIP Lenders; (iv) the Internal Revenue Service; and (v) the U.S. Securities and Exchange Commission. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties entitled to notice pursuant to Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the

5

RLF1 31262937v.1

nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## No Prior Request

15. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter the Proposed Order, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

[*Remainder of page intentionally left blank.*]

| | | |
|---|---|---|
| Dated: | July 24, 2024<br>Wilmington, Delaware | Respectfully submitted, |

/s/ *Zachary I. Shapiro*
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:    302.651.7700
Facsimile:    302.651.7701
Email:    defranceschi@rlf.com
           merchant@rlf.com
           shapiro@rlf.com
           milana@rlf.com

- and -

Heather Lennox (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: 216.586.3939
Facsimile: 216.579.0212
Email:    hlennox@jonesday.com
          ceblack@jonesday.com

*Proposed Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Meier's Wine Cellars Acquisition, LLC,<br><br>Debtor.<br><br>Tax Identification Number: 87-4305557 | Chapter 11<br><br>Case No. 24-11575 (___) |
| In re:<br><br>California Cider Co., Inc.,<br><br>Debtor.<br><br>Tax Identification Number: 68-0310443 | Chapter 11<br><br>Case No. 24-11581 (___) |
| In re:<br><br>Girard Winery LLC,<br><br>Debtor.<br><br>Tax Identification Number: 94-3385076 | Chapter 11<br><br>Case No. 24-11576 (___) |
| In re:<br><br>Grove Acquisition, LLC,<br><br>Debtor.<br><br>Tax Identification Number: 26-1639465 | Chapter 11<br><br>Case No. 24-11578 (___) |
| In re:<br><br>Meier's Wine Cellars, Inc.,<br><br>Debtor.<br><br>Tax Identification Number: 31-0372300 | Chapter 11<br><br>Case No. 24-11580 (___) |

| | |
|---|---|
| In re:<br><br>Mildara Blass Inc.,<br><br>   Debtor.<br><br>Tax Identification Number: 94-3261491 | Chapter 11<br><br>Case No. 24-11577 (___) |
| In re:<br><br>Sabotage Wine Company, LLC,<br><br>   Debtor.<br><br>Tax Identification Number: 32-0558393 | Chapter 11<br><br>Case No. 24-11579 (___) |
| In re:<br><br>Thames America Trading Company Ltd.,<br><br>   Debtor.<br><br>Tax Identification Number: 68-0280696 | Chapter 11<br><br>Case No. 24-11582 (___) |
| In re:<br><br>Vinesse, LLC,<br><br>   Debtor.<br><br>Tax Identification Number: 77-0463139 | Chapter 11<br><br>Case No. 24-11583 (___) |
| In re:<br><br>Vintage Wine Estates, Inc. (CA),<br><br>   Debtor.<br><br>Tax Identification Number: 20-8782279 | Chapter 11<br><br>Case No. 24-11584 (___) |

| | |
|---|---|
| In re:<br><br>Vintage Wine Estates, Inc. (NV),<br><br>Debtor.<br><br>Tax Identification Number: 87-1005902 | Chapter 11<br><br>Case No. 24-11585 (___) |

**ORDER AUTHORIZING THE JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

This matter coming before the Court on the *Motion of the Debtors and Debtors in Possession for an Order Directing the Joint Administration of Their Chapter 11 Cases* (the "Motion"),[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

2. The above-captioned chapter 11 cases shall be consolidated for procedural purposes only and shall be administered jointly. The Clerk of the Court shall maintain one file and one docket for all of these jointly administered cases, which file and docket for each respective chapter 11 case shall be the file and docket for Meier's Wine Cellars Acquisition, LLC (the "Main Case"), Case No. 24-11575 (____).

3. Parties in interest are directed to use the Proposed Caption annexed hereto as Annex 1 when filing pleadings with the Court in the chapter 11 cases of the Debtors indicating that the pleading relates to the jointly administered chapter 11 cases of "Meier's Wine Cellars Acquisition, LLC, et al." The Proposed Caption satisfies the requirements of section 342(c) of the Bankruptcy Code in all respects.

4. A docket entry shall be made on the docket in each of the above-captioned cases (other than the Main Case) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Meier's Wine Cellars Acquisition, LLC, California Cider Co., Inc., Girard Winery LLC, Grove Acquisition, LLC, Meier's Wine Cellars, Inc., Mildara Blass Inc., Sabotage Wine Company, LLC, Thames America Trading Company Ltd., Vinesse, LLC, Vintage Wine Estates, Inc. (CA), Vintage Wine Estates, Inc. (NV). The docket of Meier's Wine Cellars Acquisition, LLC, Case No. 24-11575 (____), should be consulted for all matters affecting this case.

5. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of the above-captioned Chapter 11 Cases.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

2

3

7. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

# ANNEX 1

**Proposed Caption**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Meier's Wine Cellars Acquisition, LLC, <u>et al.</u>,[1] | Case No. 24-11575 (____) |
| | (Jointly Administered) |
| Debtors. | |

**[TITLE OF PLEADING OR OTHER DOCUMENT]**

---

[1] The Debtors are the following eleven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Meier's Wine Cellars Acquisition, LLC (5557); California Cider Co., Inc. (0443); Girard Winery LLC (5076); Grove Acquisition, LLC (9465); Meier's Wine Cellars, Inc. (2300); Mildara Blass Inc. (1491); Sabotage Wine Company, LLC (8393); Thames America Trading Company Ltd. (0696); Vinesse, LLC (3139); Vintage Wine Estates, Inc. (CA) (2279); and Vintage Wine Estates, Inc. (NV) (5902).  The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

RLF1 31262937v.1