**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Meier's Wine Cellars Acquisition, LLC, <u>et al</u>.,[1] | Case No. 24-11575 (_____) |
| Debtors. | (Joint Administration Requested) |
| | Objection Deadline: To Be Determined<br>Hr'g Date: To Be Determined |

**OMNIBUS MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT
CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE
<u>PETITION DATE AND (II) GRANTING CERTAIN RELATED RELIEF</u>**

---

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE
THEIR NAMES AND CONTRACTS LISTED ON <u>ANNEX 1</u>
ATTACHED TO <u>EXHIBIT A</u> HERETO**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"),

pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), hereby move (the "<u>Motion</u>") for the entry of an

order in substantially the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"):

(i) authorizing them to reject the executory contracts (collectively, the "<u>Agreements</u>")[2] identified

---

[1]     The Debtors are the following eleven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Meier's Wine Cellars Acquisition, LLC (5557); California Cider Co., Inc. (0443); Girard Winery LLC (5076); Grove Acquisition, LLC (9465); Meier's Wine Cellars, Inc. (2300); Mildara Blass Inc. (1491); Sabotage Wine Company, LLC (8393); Thames America Trading Company Ltd. (0696); Vinesse, LLC (3139); Vintage Wine Estates, Inc. (CA) (2279); and Vintage Wine Estates, Inc. (NV) (5902).  The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

[2]     The term "Agreements" includes any modifications, amendments, addenda or supplements thereto or restatements thereof, regardless of whether such modifications, amendments, addenda, supplements, or restatements are listed on <u>Annex 1</u> to the Proposed Order.  With respect to each Agreement, <u>Annex 1</u> to the

on the schedule attached as <u>Annex 1</u> to the Proposed Order <u>nunc pro tunc</u> to the date hereof

(the "<u>Petition Date</u>"); and (ii) granting certain related relief.  In support of this Motion, the

Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this District pursuant to

28 U.S.C. §§ 1408 and 1409.

## General Background

2.      On the Petition Date, each of the Debtors commenced a case under

chapter 11 of the Bankruptcy Code (collectively, the "<u>Chapter 11 Cases</u>").  The Debtors are

authorized to continue to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors comprise a leading vintner in the United States, producing,

bottling and selling wines and hard ciders through wholesale, direct-to-consumer and business-

to-business sales.  The Debtors' current portfolio consists of more than 30 brands, including

luxury and lifestyle wines, and the Debtors own and lease approximately 1,850 acres in premium

wine-growing regions of the United States, operating 11 wineries that support nine tasting

rooms.  The Debtors employ more than 400 employees in 15 states.

---

Proposed Order sets forth the applicable Debtor party, counterparty (each, a "<u>Counterparty</u>"), address for
the Counterparty and nature of the Agreement.

4.      Concurrently with the filing of this Motion, the Debtors have also filed the Bidding Procedures Motion,[3] by which they plan to sell substantially all of their assets to one or multiple bidders through a multi-stage sale process.

5.      Also concurrently with the filing of this Motion, the Debtors have filed the DIP Financing Motion, seeking approval of post-petition financing, the proceeds of which the Debtors will utilize to continue to operate as debtors in possession.

6.      A comprehensive description of the Debtors' businesses and operations, capital structure, and the events leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Seth Kaufman, the President and Chief Executive Officer of Debtor Vintage Wine Estates, Inc., in Support of First Day Motions of Debtors and Debtors in Possession* (the "First Day Declaration"), which was filed contemporaneously therewith and which is incorporated by reference.

**Facts Relevant to This Motion**

7.      As set forth in the Bidding Procedures Motion, the Debtors are seeking approval of a sale process for all of their assets.  Prior to the Petition Date, the Debtors engaged in a review, which remains ongoing, of their executory contracts and unexpired leases to identify those executory contracts and unexpired leases that (i) do not enhance the value of their estates or assets, (ii) are burdensome to their estates and/or (iii) are highly unlikely to be assumed and assigned to a third party on terms that would provide any net economic benefit to the Debtors.

8.      As a result of this review, the Debtors have determined, in the exercise of their reasonable business judgment, that the Agreements identified on Annex 1 (i) do not

---

[3]      Capitalized terms otherwise undefined herein shall have the meanings ascribed to them in the First Day Declaration (as defined below).

enhance the value of their estates or assets, (ii) are burdensome to their estates and/or (iii) are highly unlikely to be assumed and assigned to a third party on terms that would provide any net economic benefit to the Debtors, and, thus, should be rejected as of the Petition Date.

<u>Argument</u>

**I.   Rejection of the Agreements Is an Appropriate Exercise of the Debtors' Business Judgment and Should Be Authorized**

9.   Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.), 209 F.3d 291, 298 (3d Cir. 2000) ("Section 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not.").

10.   Courts routinely approve motions to reject executory contracts upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.  See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490, 492 (3d Cir. 1998); In re Taylor, 913 F.2d 102, 107 (3d Cir. 1990); In re Armstrong World Indus., Inc., 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract . . . by the debtor is appropriate under section 365(a) of the Bankruptcy Code.").

11.   Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract, unless the decision is the product of bad faith, whim or caprice.  See In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (applying a business judgment standard, absent a showing of bad faith, whim or caprice);

-4-

In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) (same); see also

Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981)

(absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an

executory contract "should be granted as a matter of course").  The standard merely requires a

showing that either assumption or rejection of the executory contract will benefit the debtor's

estate.  See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.),

872 F.2d 36, 39-40 (3d Cir. 1989).

12.     Given significant efforts undertaken by the Debtors to solicit interest in

their assets prepetition (as detailed in the Bidding Procedures Motion and the supporting

declarations filed contemporaneously therewith), as well as the prepetition contract review

process the Debtors engaged in, rejection of the Agreements is a manifestly sound exercise of the

Debtors' business judgment and is in the best interests of their estates.  As set forth above and in

the First Day Declaration, the Debtors are seeking to sell all of their assets.  Thus, contracts that

(i) do not enhance the value of their estates or assets, (ii) are burdensome to their estates and/or

(iii) are highly unlikely to be assumed and assigned to a third party on terms that would provide

any net economic benefit to the Debtors, do not provide any benefit to the Debtors or their

creditors.  Absent rejection of the Agreements, the Debtors risk accruing avoidable

administrative expenses without any accompanying benefit to their estates, to the detriment of

the Debtors' stakeholders.

13.     Accordingly, because rejecting the Agreements constitutes a sound

exercise of the Debtors' business judgment, the Court should grant the relief requested herein.[4]

---

[4]     The Counterparties may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the rejection of the Agreements.  Nothing in this Motion shall be deemed or construed to constitute (i) an admission as to the validity or priority of any claim against the Debtors,

**II.     Rejecting the Agreements <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date is Reasonable and Appropriate**

14.     Bankruptcy courts are empowered to grant retroactive rejection of an executory contract or unexpired lease under section 105(a) and 365(a) of the Bankruptcy Code based on the equities of the circumstances.  <u>See</u> <u>In re Chi-Chi's, Inc.</u>, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a retroactive rejection of a lease after balancing the equities in the particular case); <u>In re Philadelphia Newspapers, LLC</u>, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010) (authorizing retroactive rejection of executory contract where there was "no obvious prejudice to [the counterparty] in approving rejection retroactively"); <u>see</u> <u>also</u> <u>Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)</u>, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

15.     Under the present circumstances, the balance of the equities favors rejection of the Agreements <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date.  Absent such relief, the Debtors risk being forced to incur administrative expenses under the Agreements with no accompanying benefit.

16.     Accordingly, to avoid incurring additional unnecessary administrative expenses associated with the Agreements, the Debtors respectfully request that the Court authorize the Debtors to reject the Agreements effective <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date. Courts in this District have approved relief similar to that requested herein.  <u>See</u>, <u>e.g.</u>, <u>In re Winc, Inc.</u>, No. 22-11238 (LSS) (Bankr. D. Del. Jan. 4, 2023) (authorizing the rejection of contracts as

---

(ii) a waiver of the Debtors' rights to dispute any claim or (iii) a waiver of any claim the Debtors may have against a Counterparty.

RLF1 31263066v.1

of the date of filing motion); <u>In re MobiTV, Inc.</u>, Case No. 21-10457 (LSS) (Bankr. D. Del. May 20, 2021) (same); <u>In re Shiloh Indus., Inc.</u>, Case No. 20-12024 (LSS) (Bankr. D. Del. Dec. 17, 2020) (same); <u>In re Art Van Furniture, LLC</u>, No. 20-10553 (CSS) (Bankr. D. Del. Apr. 3, 2020) (same); <u>In re Lucky's Market Parent Company, LLC</u>, No. 20-10166  (JTD) (Bankr. D. Del. Mar. 12, 2020) (same); <u>Forever 21, Inc.</u>, Case No. 19-12122 (KG) (Bankr. D. Del. Sep. 29, 2019) (authorizing rejection of unexpired leases <u>nunc</u> <u>pro</u> <u>tunc</u> to the petition date upon motion filed one day after the petition).

## Compliance With Bankruptcy Rule 6006(f)

17.     Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts and/or unexpired leases that are not between the same parties. Bankruptcy Rule 6006(f) states, in part, that such a motion shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;
>
> (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;
>
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> (6) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6006(f).

## Consent to Jurisdiction

18.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion

if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Notice**

19.     Notice of this Motion shall be provided to:  (i) the Office of the United States Trustee for the District of Delaware;  (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the proposed DIP Agent and DIP Lenders; (iv) the Counterparties; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice of this Motion is required.

20.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order in substantially the form attached here as Exhibit A:  (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

*[Remainder of page intentionally left blank.]*

RLF1 31263066v.1

Dated:  July 24, 2024
        Wilmington, Delaware

Respectfully submitted,

*/s/ Daniel J. DeFranceschi*
Zachary I. Shapiro (No. 5103)
Daniel J. DeFranceschi (No. 2732)
Michael J. Merchant (No. 3854)
Matthew P. Milana (No. 6681)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:    302.651.7700
Facsimile:    302.651.7701
Email:        defranceschi@rlf.com
              merchant@rlf.com
              shapiro@rlf.com
              milana@rlf.com

- and -

Heather Lennox (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: 216.586.3939
Facsimile: 216.579.0212
Email: hlennox@jonesday.com
       ceblack@jonesday.com

*Proposed Counsel for Debtors and Debtors in Possession*

RLF1 31263066v.1

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Meier's Wine Cellars Acquisition, LLC, <u>et al</u>.[1]<br><br>             Debtors. | Chapter 11<br><br>Case No. 24-11575 (\_\_\_\_)<br><br>(Joint Administration Requested) |

**ORDER GRANTING OMNIBUS MOTION OF**
**THE DEBTORS AND DEBTORS IN POSSESSION**
**FOR AN ORDER (I) AUTHORIZING THE DEBTORS**
**TO REJECT CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC***
<u>**TO THE PETITION DATE AND (II) GRANTING CERTAIN RELATED RELIEF**</u>

This matter coming before the Court on the *Omnibus Motion of the Debtors and Debtors in Possession for an Order (I) Authorizing the Debtors to Reject Certain Executory Contracts <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date and (II) Granting Certain Related Relief* (the "<u>Motion</u>"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"); the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing (if any) before the Court (the "<u>Hearing</u>"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012, (ii) this is a core proceeding

---

[1]    The Debtors are the following eleven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Meier's Wine Cellars Acquisition, LLC (5557); California Cider Co., Inc. (0443); Girard Winery LLC (5076); Grove Acquisition, LLC (9465); Meier's Wine Cellars, Inc. (2300); Mildara Blass Inc. (1491); Sabotage Wine Company, LLC (8393); Thames America Trading Company Ltd. (0696); Vinesse, LLC (3139); Vintage Wine Estates, Inc. (CA) (2279); and Vintage Wine Estates, Inc. (NV) (5902).  The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

RLF1 31263066v.1

pursuant to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) rejection of the Agreements represents an exercise of the Debtors' sound business judgment and (v) notice of the Motion and the Hearing was sufficient under the circumstances; the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to reject the Agreements identified on <u>Annex 1</u> attached hereto, effective as of the Petition Date.

3.      Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

RLF1 31263066v.1

## ANNEX 1

### Schedule of Agreements to be Rejected

| Counterparty | Debtor Party to Contract | Counterparty Address | Description |
|---|---|---|---|
| Scantrust SA | Vintage Wine Estates, Inc. (CA) | EPFL INNOVATION PARK PSE-D LAUSANNE, VAUD 1015 FRANCE | Scantrust e-Label Order |
| Adams Law Group | Vintage Wine Estates, Inc. (CA) | 1792 2ND ST NAPA, CA 94559 | Confirmation of Fee Arrangements |
| Amador Two Oaks Vineyard | Vintage Wine Estates, Inc. (CA) | PO BOX 9057 PLYMOUTH, CA 95669 | Grape Purchase Agreement |
| Cameron Hughes | Vintage Wine Estates, Inc. (CA) | ADDRESS ON FILE | Letter of Intent to Purchase Brand Assets |
| Charlie Smith Vineyard LLC | Vintage Wine Estates, Inc. (CA) | ATTN: CHARLIE SMITH PO BOX 2163 GLEN ELLEN, CA 95442 | Vineyard Lease |
| Corrigan Vineyard | Vintage Wine Estates, Inc. (CA) | 4125 SILVERADO TRAIL CALISTOGA, CA 94515 | Grape Purchase Agreement |
| D'Anneo Vineyard | Vintage Wine Estates, Inc. (CA) | 1085 DUNAWEAL LANE CALISTOGA, CA 94515 | Wine Grape Purchase Agreement |
| Diamond West Farming Company | Vintage Wine Estates, Inc. (CA) | P.O. BOX 722 PASO ROBLES, CA 93447 | Contract to Purchase Grapes |
| Diamond West Farming Company | Vintage Wine Estates, Inc. (CA) | P.O. BOX 722 PASO ROBLES, CA 93447 | Contract to Purchase Grapes |

| DL Financial Solutions Partner | Vintage Wine Estates, Inc. (CA) | 8001 BIRCHWOOD COURT P.O. BOX 2000 JOHNSTON, IA 50131 | Equipment Lease Agreement |
|---|---|---|---|
| Dunbar Vineyard | Vintage Wine Estates, Inc. (CA) | P.O. BOX 1658 GLEN ELLEN, CA 95442 | Wine Grape Purchase Agreement |
| Estate Vineyards LLC | Vintage Wine Estates, Inc. (CA) | 224 E. HWY 246 UNIT A BUELLTON, CA 93427 | Grape Purchase Agreement |
| Gallo Vineyards, Inc. | Vintage Wine Estates, Inc. (CA) | 600 YOSEMITE BLVD MODESTO, CA 95354 | Grape Purchase Agreement |
| George Schenecker | Swanson Vineyards & Winery | ADDRESS ON FILE | Grape Purchase Agreement |
| Global AG Properties USA, LLC | Vintage Wine Estates, Inc. (CA) | C/O  WESTCHESTER GROUP INV MGT INC. 2004 FOX DRIVE, STE L CHAMPAIGN, IL 61820 | Vineyard Lease Agreement |
| Global AG Properties USA, LLC | Vintage Wine Estates, Inc. (CA) | C/O  WESTCHESTER GROUP INV MGT INC. 2004 FOX DRIVE, STE L CHAMPAIGN, IL 61820 | Memorandum of Vineyard Lease Agreement |

RLF1 31263066v.1

| Global AG Properties USA, LLC | Vintage Wine Estates, Inc. (CA) | C/O WESTCHESTER GROUP INV MGT INC. 2004 FOX DRIVE, STE L CHAMPAIGN, IL 61820 | Memorandum of Vineyard Lease Agreement |
|---|---|---|---|
| Grace A. Schaad | Oregon Vineyard Services, Inc. | ADDRESS ON FILE | Farm Lease |
| Hedge Trackers, LLC | Vintage Wine Estates, Inc. (CA) | 2100 E LAKE COOK RD, STE 1100 BUFFALO GROVE, IL 60089-1999 | Schedule A2 |
| ID Technology | Vintage Wine Estates, Inc. (CA) | P.O. BOX 73419 CLEVELAND, OH 44193-0002 | Service Agreement Proposal |
| IMGOD, LLC | Vintage Wine Estates, Inc. (CA) | 462 DEVLIN RD NAPA, CA 94558 | Wine Grape Purchase Agreement Amendment |
| Kevin Smith | Vintage Wine Estates, Inc. (CA) | ADDRESS ON FILE | Letter of Intent to Purchase Brand Assets |
| Key Housing Connections Inc. | Vintage Wine Estates, Inc. (CA) | PO BOX 1267 ORANGEVALE, CA 95662 | Corporate Residence Lease Application |
| Key Housing Connections Inc. | Vintage Wine Estates, Inc. (CA) | PO BOX 1267 ORANGEVALE, CA 95662 | Addendum to Preferred Customer Master Lease Addendum |
| Key Housing Connections Inc. | Vintage Wine Estates, Inc. (CA) | PO BOX 1267 ORANGEVALE, CA 95662 | Invoice |
| LDVF1 Rutherford, LLC | Vintage Wine Estates, Inc. (CA) | C/O PINA VINEYARD MANAGEMENT P.O. BOX 373 OAKVILLE, CA 94562 | Grape Purchase Agreement |

RLF1 31263066v.1

| Lewis H. and Barbara L. Schaad | Oregon Vineyard Services, Inc. | ADDRESS ON FILE | Farm Lease |
|---|---|---|---|
| Mach Flynt, Inc. | Vintage Wine Estates, Inc. (CA) | 1020 PUJO STREET LAKE CHARLES, LA 70601 | Purchase Order #'s: 21-KSOVZ-18, 22-KSOVZ-19, 23-KSOVZ-20, 24-KSOVZ-21, 25-KSOVZ-22 |
| Mach Flynt, Inc. | Vintage Wine Estates, Inc. (CA) | 1020 PUJO STREET LAKE CHARLES, LA 70601 | Purchase Order #'s: CY22-KSNVRB-20, CY23-KSNVRB-21, CY24-KSNVRB-22, CY25-KSNVRB-23, CY26-KSNVRB-24 |
| Mach Flynt, Inc. | Vintage Wine Estates, Inc. (CA) | 1020 PUJO STREET LAKE CHARLES, LA 70601 | Purchase Order #'s: CY23-KSRCS-21 Revised, CY24-KSRCS-22, CY25-KSRCS-23 |
| Madrona Management, LLC | Vintage Wine Estates, Inc. (CA) | 2625 SUMMIT LAKE DRIVE ANGWIN, CA 94508 | Grape Purchase Agreement |
| Milat Ranch | Vintage Wine Estates, Inc. (CA) | 1217 ST HELENA HWY 29 ST. HELENA, CA 94574 | Wine Grape Purchase Agreement |
| Milat Wine Company, LLC | Delectus Winery | 1091 SAINT HELENA HWY S ST. HELENA, CA 94574-2268 | Winery Lease Agreement |
| Milat Wine Company, LLC | Vintage Wine Estates, Inc. (CA) | 1091 SAINT HELENA HWY S ST. HELENA, CA 94574-2268 | First Amendment to Winery Lease Agreement |

-4-

RLF1 31263066v.1

| O'Neill Beverages Co. LLC | Vintage Wine Estates, Inc. (CA) | O'NEILL VINTNERS & DISTILLERS 8418 SOUTH LAC JAC AVENUE PARLIER, CA 93648-9708 | Contract S-4151 |
|---|---|---|---|
| Oppenheimer & Co. Inc. | Vintage Wine Estates, Inc. (CA) | 85 BROAD ST 4TH FL NEW YORK, NY 10004 | Engagement Letter |
| Parmelee - Hill Vineyards | Vintage Wine Estates, Inc. (CA) | PO BOX 432 SONOMA, CA 95476 | Wine License Agreement |
| Phil and Karen Peterson | Vintage Wine Estates, Inc. (CA) | C/O VINTNERS 1904, INC. P.O. BOX 1749 WOODBRIDGE, CA 95258<br><br>C/O VINTNERS 1904, INC. P.O. BOX 1664 WOODBRIDGE, CA 95258<br><br>C/O VINTNERS 1904, INC. P.O. BOX 745 PENNGROVE, CA 94951 | Supersede Contract 101 |
| PNC Equipment Finance, LLC | Vintage Wine Estates, Inc. (CA) | 655 BUSINESS CENTER DRIVE SUITE 250 HORSHAM, PA 19044 | Equipment Lease |
| PNC Equipment Finance, LLC | Vintage Wine Estates, Inc. (CA) | 655 BUSINESS CENTER DRIVE SUITE 250 HORSHAM, PA 19044 | Amendment #1 |

RLF1 31263066v.1

| Renteria Oakville Estate, LLC | Vintage Wine Estates, Inc. (CA) | 625 IMPERIAL WAY SUITE 6 NAPA, CA 94559 | Grape Purchase Agreement |
|---|---|---|---|
| Scott Lavie | Vintage Wine Estates, Inc. (CA) | ADDRESS ON FILE | Letter of Intent to Purchase Brand Assets |
| Smile Business Products, Inc. | Vintage Wine Estates, Inc. (CA) | 4525 AUBURN BLVD SACRAMENTO, CA 95841-4202 | Single Invoice Lease |
| Smile Business Products, Inc. | Vintage Wine Estates, Inc. (CA) | 4525 AUBURN BLVD SACRAMENTO, CA 95841-4202 | Supplement |
| Smile Business Products, Inc. | Vintage Wine Estates, Inc. (CA) | 4525 AUBURN BLVD SACRAMENTO, CA 95841-4202 | Agreement |
| Smile Business Products, Inc. | Vintage Wine Estates, Inc. (CA) | 4525 AUBURN BLVD SACRAMENTO, CA 95841-4202 | Single Invoice Rental Agreement |
| Smile Business Products, Inc. | Vintage Wine Estates, Inc. (CA) | 4525 AUBURN BLVD SACRAMENTO, CA 95841-4202 | Copier Lease |
| Sonoma Brands Partners II, LLC | Vintage Wine Estates, Inc. (CA) | ATTN: SHAHIR AMIN 117 W. NAPA STREET, STE. C SONOMA, CA 95476 | Events Management Agreement |
| Sonoma Brands Partners II, LLC | Vintage Wine Estates, Inc. (CA) | ATTN: SHAHIR AMIN 117 W. NAPA STREET, STE. C SONOMA, CA 95476 | Management Agreement |
| Stewart Cellars LLC | Vintage Wine Estates, Inc. (CA) | P.O. BOX 68 RUTHERFORD, CA 94573-0068 | Grape Purchase Agreement |

RLF1 31263066v.1

| | | | |
|---|---|---|---|
| Sullivan Vineyard | Vintage Wine Estates, Inc. (CA) | 3455 STATE HIGHWAY 128 CALISTOGA, CA 94515 | Wine Grape Purchase Agreement |
| Takoma Properties, LLC | Vintage Wine Estates, Inc. (CA) | ATTN CHARLES J. POSTOW 3867 BLACKWOOD COURT CINCINNATI, OH 45236 | Temporary Space Addendum to Lease |
| Tambor Vineyards | Vintage Wine Estates, Inc. (CA) | 625 IMPERIAL WAY STE 6 NAPA, CA 94559 | Grape Purchase Agreement |
| Temple Family Vineyard | Vintage Wine Estates, Inc. (CA) | 7220 POPE VALLEY ROAD POPE VALLEY, CA 94567-9441 | Grape Purchase Agreement |
| Tower C. Snow Jr. Revocable Trust | Vintage Wine Estates, Inc. (CA) | 5800 PETRIFIED FOREST ROAD CALISTOGA, CA 94515-9406 | Wine Grape Purchase Agreement |
| Vintners 1904, Inc. | Vintage Wine Estates, Inc. (CA) | 10815 MINNESOTA AVE PENNGROVE, CA 94951 | Supersedes Rose contract 111 |
| W.J. Deutsch & Sons Ltd. | Vintage Wine Estates, Inc. (CA) | 201 TRESSER BLVD SUITE 500 STAMFORD, CT 06901 | Wine Production Agreement |
| W.J. Deutsch & Sons Ltd. | Vintage Wine Estates, Inc. (NV) | 201 TRESSER BLVD SUITE 500 STAMFORD, CT 06901 | Change of Control Letter |
| W.J. Deutsch & Sons Ltd. | Vintage Wine Estates, Inc. (NV) | 201 TRESSER BLVD SUITE 500 STAMFORD, CT 06901 | Right of First Refusal Letter |

-7-

| W.J. Deutsch & Sons Ltd. | Vintage Wine Estates, Inc. (CA) | 201 TRESSER BLVD SUITE 500 STAMFORD, CT 06901 | Exclusive Marketing and Sales Agreement |
|---|---|---|---|
| W.J. Deutsch & Sons Ltd. | Vintage Wine Estates, Inc. (CA) | 201 TRESSER BLVD SUITE 500 STAMFORD, CT 06901 | First Amendment to Amended and Restated Exclusive Marketing and Sales Agency Agreement |
| W.J. Deutsch & Sons Ltd. | Vintage Wine Estates, Inc. (CA) | 201 TRESSER BLVD SUITE 500 STAMFORD, CT 06901 | Exclusive Marketing and Sales Agreement |
| W.J. Deutsch & Sons Ltd. | Vintage Wine Estates, Inc. (CA) | 201 TRESSER BLVD SUITE 500 STAMFORD, CT 06901 | Amended and Restated Exclusive Marketing and Sales Agreement |
| Wine Communications Group, Inc. | Vintage Wine Estates, Inc. (CA) | 584 FIRST STREET EAST SONOMA, CA 95476 | Invoice (May 2024, July 2024, October 2024, Jan 2025) |

-8-