IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Meier's Wine Cellars  Acquisition, LLC, et al[1]., | ) ) | Case No. 24-11575 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF OREN LEWIN IN SUPPORT OF SALE OF FIRESTEED ASSETS TO INTEGRATED BEVERAGE GROUP, LLC**

I, Oren Lewin, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Chief Executive Officer for Integrated Beverage Group, LLC ("Integrated").  I have been involved in all aspects of the transaction including, but not limited to, the diligence and the auction that resulted in the purchase of the assets (the "Firesteed Assets") identified in the Asset Purchase Agreement by and among Integrated Beverage Group, LLC and Vintage Wine Estates, Inc. dated as of September 17, 2024 (the "Firesteed APA"), and filed with the Court as an exhibit to the *Notice of Primary Auction Results* [Docket No. 291].

2. I submit my declaration in support of the *Motion of the Debtors and Debtors in Possession for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Agreements and to Provide Bidding Protections Thereunder, (C) Scheduling an*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification number, if any, follow in parentheses): Meier's Wine Cellars Acquisition, LLC (5557); California Cider Co., Inc. (0443); Girard Winery LLC (5076); Grove Acquisition, LLC (9465); Meier's Wine Cellars, Inc. (2300); Mildara Blass Inc. (1491); Sabotage Wine Company, LLC (8393); Splinter Group Napa, LLC (1417); Thames America Trading Company Ltd. (0696); Vinesse, LLC (3139); Vintage Wine Estates, Inc. (CA) (2279); and Vintage Wine Estates, Inc. (NV); (5902).  The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

59255515.1

*Auction and Approving the Form and Manner of Notice Therefor, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Therefor and (F) Granting Related Relief and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 14].

3.      On August 21, 2024, the Court entered its *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter into One or More Stalking Horse Agreements and to Provide Bidding Protections Thereunder, (III) Scheduling an Auction and Approving the Form and Manner of Notice Therefor, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Therefor, and (VI) Granting Related Relief* [Docket No. 181] (the "Bidding Procedures Order").  Among other things, the Bidding Procedures Order approved the Bidding Procedures for the Debtor's assets.

4.      I have first-hand knowledge of the following facts and would testify truthfully as follows.

5.      Integrated has requested that the sale order for the Firesteed Assets include a finding that Integrated acted in good faith with respect to the purchase of the Firesteed Assets. Integrated considers the good faith finding to be a material term of the sale order. The information contained in my declaration support a finding of good faith.

6.      As explained below, Integrated has acted in good faith within the meaning of section 363(m) of the Bankruptcy Code, has not engaged in collusion of any kind, and has not

2

59255515.1

engaged in any conduct that would justify relief of any kind under section 363(n) of the Bankruptcy Code.

7. Integrated has no ownership interest in the Debtors, does not control the Debtors, and is not an affiliate or insider of the Debtors.  The Debtors have no ownership interest in Integrated, do not control Integrated, and are not insiders of Integrated.  In the ordinary course of business, Integrated has sold bulk wine to Vintage Wine Estates, Inc. in the past.  To my knowledge and belief, Integrated has no other past or present connections or agreements with the Debtors.

8. Integrated has no agreement to employ any employee, officer, owner, or representative of the Debtors.

9. Integrated conducted its diligence, submitted its offer to purchase the Firesteed Assets, participated in the auction, and negotiated the Firesteed APA in good faith, without collusion of any kind, and in accordance with the Bidding Procedures approved by the Court.

10. After Integrated submitted its offer on September 6, 2024, GLC Advisors & Co., LLC introduced Integrated to Farmland LP with the explanation that Farmand LP had submitted an offer to purchase the Firesteed real property, which Integrated had not offered to purchase. After discussions with Farmland LP, Integrated decided to bid on the Firesteed Assets including the real property on its own account and not pursuant to an agreement with Farmland LP. Integrated does not have an agreement with Farmland LP related to the Firesteed Assets or otherwise.

11. Integrated has not paid any consideration and does not intend to pay any consideration for the purchase of the Firesteed Assets other than as set forth in the Firesteed APA.

12.     Other than as set forth in the Firesteed APA, Integrated has no agreement or understanding with the Debtors or any third party concerning the Firesteed Assets.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20th day of September, 2024.

/s/ Oren Lewin
Oren Lewin, Chief Executive Officer

59255515.1