**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Meier's Wine Cellars Acquisition, LLC, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11575 (MFW)<br><br>(Jointly Administered)<br><br>Docket Ref. No. 14, 126, 170, 181, 335 |

**DECLARATION OF DAVID DUCOMMUN, ON BEHALF OF FOLEY FAMILY WINES, INC., SUCCESSFUL BIDDER FOR CERTAIN ASSETS OF THE DEBTORS, IN SUPPORT OF SUCH SALE**

I, DAVID DUCOMMUN, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

1. I submit this Declaration in support of the Bankruptcy Court's approval of the Asset Purchase Agreement dated as of August 20, 2024 by and between Foley Family Wines, Inc., a Delaware corporation ("Foley"), as Purchaser, and Vintage Wine Estates, Inc., a Nevada Corporation, as Seller, one of the above captioned debtors and debtors in possession (the "Debtors") (as amended, and with all exhibits, scheduled and supplements thereto, the "Asset Purchase Agreement"),[2] a copy of which is filed at [Docket No 170], and entry of the Sale Order and the findings set forth in the Sale Order.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Meier's Wine Cellars Acquisition, LLC (5557); California Cider Co., Inc. (0443); Girard Winery LLC (5076); Grove Acquisition, LLC (9465); Meier's Wine Cellars, Inc. (2300); Mildara Blass Inc. (1491); Sabotage Wine Company, LLC (8393); Splinter Group Napa, LLC (1417); Thames America Trading Company Ltd. (0696); Vinesse, LLC (3139); Vintage Wine Estates, Inc. (CA) (2279); and Vintage Wine Estates, Inc. (NV) (5902). The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed in the Asset Purchase Agreement.

2. I am the person designated by the management team of Foley to lead negotiations for the Transaction, and I am authorized to make this declaration (this "Declaration") on behalf of Foley. I have been involved in all aspects of Foley's diligence and consideration of the Transaction. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

3. Prior to the commencement of these Chapter 11 Cases on July 24, 2024 (the "Petition Date"), Foley began exploring a potential acquisition of certain assets of the Debtors. That continued following the Petition Date.

4. Foley submitted a letter of intent for the Purchased Assets on or about July 30, 2024. Foley continued its diligence and negotiations between the parties over the terms for the sale of the Purchased Assets ensued.

5. The Debtors moved to designate Foley as a "stalking horse bidder" for the Purchased Assets on August 13, 2024, on terms substantially agreed to as of that date.

6. Foley and the Debtors ultimately negotiated and entered into the Asset Purchase Agreement on August 20, 2024, which was designated as a "stalking horse bid" pursuant to the Bidding Procedures Order entered on August 21, 2024.

7. On or about September 6, 2024, Foley was informed by the Debtors that there were no qualified competing bids for the Purchased Assets and that Foley's bid for them would be declared the "successful bid."

8. Foley has and will continue to conduct diligence on the Purchased Assets and to negotiate with the Debtors regarding the ancillary documents within the Asset Purchase Agreement to allow Foley to adequately prepare for owning, operating and otherwise utilizing the Purchased Asset following the Closing.

9. Foley retained the services of Carle, Mackie, Power & Ross LLP and Young Conaway Stargatt & Taylor, LLP to provide legal counsel regarding the Transaction. Foley and its professionals regularly communicated with the Debtors' professionals, including its legal counsel, Jones Day, and its investment banker, GLC Advisors & Co., LLC, throughout this process.

10. Foley has participated in the sales process for the Purchased Assets described herein in good faith, on an arms' length basis, and without collusion, including through the conduct of its diligence and negotiations with the Debtors.

11. I certify that: (i) Foley recognized that the Debtors were free to deal with any other party interested in purchasing the Purchased Assets; (ii) Foley agreed to subject its bid to the competitive process set forth in the Bidding Procedures; (iii) the Asset Purchase Agreement discloses or describes all payment to be made by Foley for the Purchased Assets and the applicable ancillary agreements; (iv) the negotiation and execution of the Asset Purchase Agreement was at arm's-length and in good faith, and at all times each of Foley and the Debtors were represented by counsel and other professionals of their choosing; and (v) Foley has not acted in a collusive manner with any person.

12. Foley has and will continue to act in good faith within the meaning of Section 363(m) of the Bankruptcy Code in pursuing the Transaction.

13. Foley has not engaged in any conduct that would cause or permit Asset Purchase Agreement to be avoided under 11 U.S.C. § 363(n). Specifically, Foley has not acted in a collusive manner with any person or entity, and Foley did not enter into any agreement with another bidder or potential bidder that controlled the purchase price of the Purchased Assets.

14. To the best of my knowledge, information, and belief, Foley is neither an "insider" nor an "affiliate" of any of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code.

15. The Asset Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under laws of the United States, any state, territory, possession or the District of Columbia.

Executed on September 24, 2024.

/s/ *David Ducommun*
Name: David Ducommun