**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Meier's Wine Cellars Acquisition, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11575 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 431** |

**ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO THE DFWS STALKING HORSE AGREEMENT AND PROVIDE BIDDING PROTECTIONS THEREUNDER IN ACCORDANCE WITH THE BIDDING PROCEDURES AND (II) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Motion of the Debtors and Debtors in Possession for Entry of an Order (I) Authorizing the Debtors to Enter into the DFWS Stalking Horse Agreement and Provide Bidding Protections Thereunder in Accordance with the Bidding Procedures and (II) Granting Related Relief* [Docket No. 431] (the "Motion")[2] filed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"); and the DFWS Stalking Horse Agreement, substantially in the form attached to the Motion as Exhibit B; and the Court having reviewed the Motion, the DFWS Stalking Horse Agreement, the *Declaration of Jeff Raithel in Support of the Fourth Stalking Horse Designation Motion* [Docket No. 432] and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court on October 15, 2024, to consider certain of the relief requested in the Motion (the "Hearing"), if

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Meier's Wine Cellars Acquisition, LLC (5557); California Cider Co., Inc. (0443); Girard Winery LLC (5076); Grove Acquisition, LLC (9465); Meier's Wine Cellars, Inc. (2300); Mildara Blass Inc. (1491); Sabotage Wine Company, LLC (8393); Splinter Group Napa, LLC (1417); Thames America Trading Company Ltd. (0696); Vinesse, LLC (3139); Vintage Wine Estates, Inc. (CA) (2279); and Vintage Wine Estates, Inc. (NV) (5902). The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or in the Bidding Procedures, as applicable.

RLF1 31441979v.1

necessary; and after due deliberation, this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors and the Debtors having demonstrated good, sufficient and sound business justifications for the relief granted herein;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

  A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

  B. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  C. Notice of the Motion and the Hearing was sufficient under the circumstances and no other or further notice need be provided.

  D. DFG Real Estate, LLC as purchaser and W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits as guarantor (collectively, "DFWS") has submitted a bid for the Ray's Station Assets (the "DFWS Stalking Horse Bid").

  E. Good and sufficient business reasons exist for the Court to authorize the Debtors' entry into the DFWS Stalking Horse Agreement and the provision of any applicable bid protections in the form of the DFWS Termination Payment in accordance with the terms of the DFWS Stalking Horse Agreement.

  F. The DFWS Stalking Horse Agreement and the DFWS Termination Payment were negotiated at arm's length, and are fair and appropriate, and were reasonably designed by the Debtors (in an exercise of their sound business judgment) to promote

participation in and active bidding at the Subsequent Auction to ensure that the highest or otherwise best value is generated for the Ray's Station Assets, subject to the DFWS Stalking Horse Agreement.

   G. The DFWS Termination Payment is necessary to ensure that DFWS will continue to support the Sale Process. To the extent payable under the DFWS Stalking Horse Agreement, the DFWS Termination Payment is (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) commensurate with the real and substantial benefits conferred upon the Debtors' estates by DFWS, and (iii) fair, reasonable and appropriate in light of the size and nature of each sale proposed by the DFWS Stalking Horse Agreement and the efforts that have and will be expended by DFWS in connection with the Sale Process.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

   1. The Motion is GRANTED as set forth herein.

   2. All objections to the relief granted in this Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

   3. The Debtors, in the exercise of their reasonable business judgment and their fiduciary duties, are hereby authorized to (i) enter into the DFWS Stalking Horse Agreement and (ii) pay the DFWS Termination Payment in accordance with the DFWS Stalking Horse Agreement without further order of this Court.

   4. For all purposes under this Order, the Bidding Procedures Order and the Bidding Procedures, (i) DFWS is a "Stalking Horse Bidder," (ii) the DFWS Stalking Horse Agreement is a "Stalking Horse Agreement," and (iii) the DFWS Stalking Horse Bid is a "Stalking Horse Bid," in each case, as such terms are used in the Bidding Procedures.

The DFWS Stalking Horse Bid shall be subject to higher or better offers with respect to the Ray's Station Assets, in accordance with the Bidding Procedures.  The DFWS Stalking Horse Bid is a Qualified Bid with respect to the Ray's Station Assets for all purposes of the Subsequent Auction and shall be subject to higher or better Qualified Bids, in accordance with the terms of the Bidding Procedures and the DFWS Stalking Horse Agreement.

5. The DFWS Termination Payment is hereby approved and accorded administrative expense status pursuant to section 503(b) of the Bankruptcy Code.

6. In the event that there is a conflict between the Bidding Procedures and the rights of the parties under the DFWS Stalking Horse Agreement to terminate such agreement, the DFWS Stalking Horse Agreement shall control.

7. Notwithstanding the applicability of any of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or any other provisions of the Bankruptcy Rules or the Local Rules stating to the contrary, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.

8. The Debtors are authorized to take all steps necessary or appropriate to implement the relief granted in this Order.

9. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: October 15th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

RLF1 31441979v.1