**Exhibit 1**

**Full Glass APA Amendment**

**EXECUTION VERSION**

# AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT

This Amendment No. 1 to Asset Purchase Agreement (this "Amendment"), dated as of October 11, 2024, is made by and between Full - Glass Licensing LLC, a Delaware limited liability company ("Purchaser"), and Vintage Wine Estates, Inc., a Nevada corporation and its affiliated debtors in the bankruptcy case in the District of Delaware jointly administered as Case No. 24-11575 on behalf of itself and its applicable affiliated debtors (collectively, "Seller").  Reference is made to the Asset Purchase Agreement, dated September 5, 2024 (the "Purchase Agreement"), by and between Purchaser and Seller.  Capitalized terms used in this Amendment, but not otherwise defined herein shall have the meanings ascribed to such terms in the Purchase Agreement.

WHEREAS, in accordance with Section 11.6 of the Purchase Agreement and Paragraph 20 of the Sale Order, the parties hereto wish to amend the Purchase Agreement as specified herein.

NOW, THEREFORE, the parties hereto agree as follows:

1. Amendment to Section 1.1. The following definition shall be added to Section 1.1 of the Purchase Agreement:

    "Software" means all computer software and code, including assemblers, applets, compilers, source code, object code, development tools, design tools, user interfaces, databases and data, in any form or format, however fixed, including any related documentation.

2. Amendment to Section 3.1.  The first sentence of Section 3.1 of the Purchase Agreement is hereby amended and restated as follows: "$2,981,000 in cash (the "Bid Purchase Price"), as may further be adjusted pursuant to Section 3.3 and Section 3.4 below (as adjusted, the "Purchase Price")."

3. Amendment to Schedule 3.3(a).  Schedule 3.3(a) to the Purchase Agreement is hereby amended and restated in its entirety by Exhibit A.

4. Amendment to Schedule 2.1(b)(iv).  Schedule 2.1(b)(iv) to the Purchase Agreement is hereby amended and restated in its entirety by Exhibit B.

5. Specified Taxes.  Notwithstanding anything to the contrary set forth in the Purchase Agreement (including without limitation Section 10.1), the Seller shall be responsible for payment of any and all Taxes described on Exhibit C with respect to the acquisition of the Purchased Assets by the Purchaser.

6. Cooperation. For a period of forty-five (45) days following the Closing the Seller will provide the support described on Exhibit D.

7. Purchaser Affiliate.  Notwithstanding anything to the contrary set forth in the Purchase Agreement, in accordance with Section 11.10 of the Purchase Agreement, Purchaser hereby assigns to a to-be-designated Affiliate of Purchaser (the "Purchaser Affiliate"), the right to purchase each item of Wine Inventory designated with an asterisk on Exhibit A; provided, that,

for the avoidance of doubt, the foregoing shall not relieve Purchaser of its obligations under the Purchase Agreement.

8. Conditions. The reference to the Sale Order in Section 9.1(d) of the Purchase Agreement will be deemed instead to be a reference to the Amended Sale Order (as defined below).

9. Bankruptcy Court Matters. Seller and Purchaser acknowledge and agree that this Amendment is subject to Bankruptcy Court approval. In addition, the Seller shall have the responsibility and obligation to perform any and all acts which are required under the Bankruptcy Code, the Bidding Procedures Order or other applicable Law. As promptly as practicable after the execution of this Amendment, Seller will seek entry of an amended Sale Order, including the approval of the terms and conditions of this Amendment (the "Amended Sale Order"). Purchaser and Seller agree to use commercially reasonable efforts to cause the Bankruptcy Court to enter the Amended Sale Order with such changes or modifications as may be requested by Purchaser or Seller that are consented to in writing by the other party, with such consent not to be unreasonably withheld, conditioned or delayed.

10. Effectiveness. All of the provisions of this Amendment shall be effective as of the date first set forth above. Except as specifically provided for in this Amendment, all of the terms of the Purchase Agreement shall remain unchanged and are hereby confirmed and remain in full force and effect, and, to the extent applicable, such terms shall apply to this Amendment as if it formed part of the Purchase Agreement.

11. Effect of Amendment. Whenever the Purchase Agreement is referred to in the Purchase Agreement or in any other agreements, documents or instruments, such reference shall be deemed to be to the Purchase Agreement as amended by this Amendment.

12. Counterparts. This Amendment may be executed in two counterparts (including by electronic transmission), each of which shall constitute an original, and all of which taken together shall constitute one and the same instrument.

13. Governing Law; Incorporation by Reference. This Amendment will be governed by and construed in accordance with federal bankruptcy Law, to the extent applicable, other federal law, where applicable, and, where state Law is implicated, the Laws of the State of Delaware applicable to contracts made and performed in such State. The applicable provisions of Article XI of the Purchase Agreement are incorporated herein by reference and shall apply *mutatis mutandis* as if fully set forth herein.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the date first written above.

PURCHASER:

FULL - GLASS LICENSING LLC

By: _____
   Name: Louis Amoroso
   Title: CEO

[SIGNATURE PAGE TO AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the date first written above.

<u>SELLER</u>:

VINTAGE WINE ESTATES, INC.

By: _____
      Name: Kristina Johnston
      Title: Authorized Person

[SIGNATURE PAGE TO AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT]