UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:

Meier's Wine Cellars Acquisition, LLC, et al.,[1]

                Debtors.

------------------------------------------------------------ x

: Chapter 11
:
: Case No. 24-11575 (MFW)
:
: (Jointly Administered)
:
: **Re: Docket Nos. 772, 773**

# THE DEBTORS AND DEBTORS IN POSSESSION'S OPPOSITION TO THE MOTION TO RECONSIDER THE COURT'S ORDER GRANTING THE DEBTORS' FIFTH OMNIBUS REJECTION MOTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully file this opposition to the motion [Docket Nos. 772 & 773] (the "Motion") filed by Larry and Kandy Heal on behalf of The Works, Inc. (the "Movants"), requesting the Court to reconsider its *Order Granting Fifth Omnibus Motion of the Debtors and Debtors in Possession for an Order (I) Authorizing the Debtors to (A) Reject Certain Unexpired Leases and Executory Contracts Nunc Pro Tunc to the Rejection Date and (B) Abandon Certain Property and (II) Granting Certain Related Relief* [Docket No. 613] (the "Order"). For the reasons set forth below, the Court should deny the Motion:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Meier's Wine Cellars Acquisition, LLC (5557); California Cider Co., Inc. (0443); Girard Winery LLC (5076); Grove Acquisition, LLC (9465); Meier's Wine Cellars, Inc. (2300); Mildara Blass Inc. (1491); Sabotage Wine Company, LLC (8393); Splinter Group Napa, LLC (1417); Thames America Trading Company Ltd. (0696); Vinesse, LLC (3139); Vintage Wine Estates, Inc. (CA) (2279); and Vintage Wine Estates, Inc. (NV) (5902). The Debtors' noticing address in these chapter 11 cases is 205 Concourse Boulevard, Santa Rosa, California 95403.

**Response**

1.      The Debtors filed these Chapter 11 Cases[2] with the intention of selling all or substantially all of their assets to one or more purchasers and winding down operations. The Debtors accomplished exactly that.  On the Petition Date, the Debtors filed the Bidding Procedures Motion, which this Court approved on August 21, 2024 [Docket No. 181].

2.      Pursuant to the Bidding Procedures Order, the Debtors conducted a successful sale process that resulted in going concern asset sales to 10 principal purchasers— each of which was approved by this Court [Docket Nos. 340-344, 348, 359, 360, 384, 485].

3.      As the Debtors closed the various asset sales, they also wound down their operations.  As the Debtors' operational needs became less and less significant, the Debtors utilized their business judgment and, on multiple occasions, moved this Court to reject burdensome leases and executory contracts that were no longer necessary to the Debtors or their estates.  As of the date hereof, this Court has entered nine orders authorizing the Debtors to reject burdensome leases and executory contract [Docket Nos. 144, 249, 315, 316, 339, 481, 613, 704].

4.      Furthermore, on January 14, 2025, the Debtors filed the *Joint Plan of Liquidation for the Debtors* [Docket No. 705] (the "Plan").  Pursuant to the Plan, on the Effective Date (as defined in the Plan), all executory contract and unexpired leases not previously assumed or rejected will be deemed rejected.  Plan at § IV.A.  On February 12, 2025, the Debtors filed the *Notice of Filing of Plan Supplement in Connection with Joint Plan of Liquidation for the Debtors* [Docket No. 781] (the "Plan Supplement").  Attached as Exhibit 3 to the Plan Supplement was the *Schedule of Executory Contract and Unexpired Leases to be Assumed* (the "Assumed

---

[2]    Capitalized terms used but undefined herein shall have the meanings ascribed to them in the *Declaration of Seth Kaufman, the President and Chief Executive Officer of Debtor Vintage Wine Estates, Inc., in Support of First Day Motions of Debtors and Debtors in Possession* [Docket No. 12].

Contract Schedule").  A hearing to confirm the Plan is scheduled for February 26, 2025 and, if the Plan is confirmed, the Debtors expect the Effective Date to occur on or about February 28, 2025.

5. Among the executory contracts rejected pursuant to an order of this Court was a staffing services agreement (the "Agreement") between Debtors Vintage Wine Estates, Inc. (CA) and The Works, Inc. (the "Company"), a provider of staffing services owned by the Movants whose services were no longer necessary after the Debtors ceased operations and no longer required third-party staffing support.

6. On November 8, 2024, the Debtors filed the *Fifth Omnibus Motion of the Debtors and Debtors in Possession for an Order (I) Authorizing the Debtors (A) to Reject Certain Unexpired Leases and Executory Contracts Nunc Pro Tunc to the Rejection Date and (B) Abandon Certain Stored Property and (II) Granting Certain Related Relief* [Docket No. 535] (the "Fifth Omnibus Rejection Motion").  Annex 1 to the Fifth Omnibus Rejection Motion listed the Agreement as an agreement to be rejected.  See Fifth Omnibus Rejection Motion at Annex I, Item 43.  The Debtors served the Fifth Omnibus Rejection Motion on the Company on November 8, 2024.  See *Certificate of Service*, Ex. B at 1 [Docket No. 553].

7. The Movants did not object to the Fifth Omnibus Rejection Motion, and the Court entered the Order on December 4, 2024.

8. Courts may grant motions for reconsideration only where "(i) there has been an intervening change in controlling law; (ii) new evidence has become available; or (iii) there is a need to prevent manifest injustice or to correct a clear error of fact or law."  In re Energy Future Holdings Corp., 575 B.R. 616, 628 (Bankr. D. Del. 2017); see also In re Home Health Corp. of Am., Inc., 268 B.R. 74, 76-77 (Bankr. D. Del. 2001) (applying same standard).

3

Courts view motions for reconsideration as requesting "extraordinary means of relief" that should be granted sparingly.  Home Health Corp., 268 B.R. at 76-77; see also In re Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F.Supp.2d 385, 417 (D. Del. 1999) (noting that motions for reargument should be granted "sparingly").

9. The Court properly granted the Fifth Omnibus Rejection Motion because rejecting the contracts listed, including the Agreement, benefitted the Debtors' estates and was an exercise of the Debtors' sound business judgment.  See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490, 492 (3d Cir. 1998); In re Taylor, 913 F.2d 102, 107 (3d Cir. 1990); In re Armstrong World Indus., Inc., 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract . . . by the debtor is appropriate under section 365(a) of the Bankruptcy Code.").  Specifically, the Debtors determined it was in their best interests to reject the Agreement because the Debtors had already sold substantially all of their assets and, thus, no longer needed the staffing services that the Company provided to the Debtors under the Agreement.  To have continued performing under the Agreement would have imposed unnecessary costs on the Debtors' estates, reducing recoveries available to creditors.

10. Even if Movants set forth facts sufficient to satisfy the exacting standards of a motion for reconsideration, Movants do not assert that the Debtors improperly exercised their business judgment by seeking to reject the Agreement.

11. Furthermore, even if the Movants had provided a basis for this Court to reconsider the Order, such relief will be rendered moot on the Effective Date.  As detailed above, the Plan provides that all contracts not previously assumed or rejected will be deemed rejected on the Effective Date.  The Agreement is not among the executory contracts listed in the Plan

Supplement.  As a result, even if this Court grants the Motion, the Agreement will be rejected on the Effective Date.

12. In the Motion, the Movants claim that the amount reflected in the Debtors records is not "the whole balance" owed by the Debtors to the Company.  Movants do not identify the asserted balance, nor whether those claims relate to pre- or postpetition services.[3]  To the extent Movants believe that the Company possesses claims entitled to payment as an administrative expense, the Plan provides that such claims may be filed up to 30 days following the Effective Date.  Plan at § II.C.1.e.  To the extent that such claims are prepetition in nature, Movants may request that this Court consider allowance of an untimely proof of claim.  The Debtors reserve the right to object to any such request.

WHEREFORE, the Debtors respectfully request that the Court deny the Motion.

[*Remainder of pages intentionally left blank.*]

---

[3] Furthermore, although the *Notice of Bar Dates for Filing Proofs of Claim* and the Order were both served on the Company, no proof of claim has been filed.  See *Certificate of Service*, Ex. C at 18 [Docket No. 479]; *Certificate of Service*, Ex. B at 1 [Docket No. 553].

| | |
|---|---|
| Dated: February 19, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Matthew P. Milana*<br>Daniel J. DeFranceschi (No. 2732)<br>Michael J. Merchant (No. 3854)<br>Zachary I. Shapiro (No. 5103)<br>Matthew P. Milana (No. 6681)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:   302.651.7700<br>Facsimile:   302.651.7701<br>Email:   defranceschi@rlf.com<br>   merchant@rlf.com<br>   shapiro@rlf.com<br>   milana@rlf.com<br><br>- and -<br><br>Heather Lennox (admitted *pro hac vice*)<br>Carl E. Black (admitted *pro hac vice*)<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: 216.586.3939<br>Facsimile: 216.579.0212<br>Email:   hlennox@jonesday.com<br>   ceblack@jonesday.com<br><br>*Counsel for the Debtors and Debtors in Possession* |